UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| SISVEL INTERNATIONAL, S.A., <br><br> Plaintiff, <br><br> v. <br><br> BLU PRODUCTS, INC., <br><br> Defendant. | Civil Action No. 19-cv-01141-MN |

**DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE
OR, IN THE ALTERNATIVE, TO TRANSFER**

Pursuant to Federal Rule of Civil Procedure 12(b)(3), Defendant, BLU PRODUCTS, INC. ("BLU"), by and through its undersigned counsel, moves the Court for the entry of an order dismissing the Complaint for Patent Infringement (D.I. 1) (the "Complaint") filed by SISVEL INTERNATIONAL, S.A. ("Sisvel") for improper venue. In the alternative, BLU respectfully requests transfer to the Southern District of Florida. In support thereof, BLU submits the Declaration of Michael Ohev-Zion (the "Ohev-Zion Declaration"), attached as Exhibit "A," and states as follows:

**LEGAL STANDARD**

A party may move to dismiss a lawsuit for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). In patent infringement cases, the law of the regional circuit applies to venue disputes insofar as the procedural aspects for handling such challenges. *See Boston Sci. Corp. v. Cook Grp. Inc.*, No. CV 15-980-LPS-CJB, 2017 WL 3996110, at *4 (D. Del. Sept. 11, 2017). However, all issues regarding interpretation of § 1400(b), the sole and exclusive patent statute, are controlled by Federal Circuit law. *Id.*; *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed.

Cir. 2017) ("Federal Circuit law, rather than regional circuit law, governs our analysis of what § 1400(b) requires.").

In deciding a motion to dismiss for improper venue, a district court may properly consider facts outside the pleadings including any evidence provided by the defendant. *Id.* at *2. The Third Circuit has taught that all allegations in the complaint are to be taken as true, unless contradicted by the defendant's affidavits. *See Bockman v. First Am. Mktg. Corp.*, 459 Fed. Appx. 157, 158 n.1 (3d Cir. 2012). The defendant, as the moving party, has the burden of proving that the venue is improper in the selected forum. *See Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982). If venue is not proper, the Court may either dismiss the case or transfer it to "any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).

## ARGUMENT

### I. Venue is improper.

The statute governing venue in patent cases is 28 U.S.C. § 1400(b), which provides that a patent infringement lawsuit "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). BLU submits that venue is not proper in this district under either prong of the statute.

#### A. *Where the defendant resides.*

Following the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017), a domestic corporation is deemed to "reside" only in its state of incorporation for purposes of the patent venue statute. *Id.* at 1521. Here, BLU is incorporated under the law of the State of Florida. *See* Ohev-Zion Declaration at ¶¶ 5-6. While it is true that BLU was originally incorporated on February 4, 2011, under the laws of the State

of Delaware, BLU subsequently domesticated itself in Florida where its existence is "deemed to have commenced on the date the corporation commenced its existence in the jurisdiction in which the corporation was first formed, incorporated, or otherwise came into being." Fla. Stat. § 607.1801(4).  In other words, pursuant to Florida's corporate law, BLU was a Florida corporation at the time Sisvel filed the instant Complaint.  *See also Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1200 (8th Cir. 1990) ("It is proper to assess the propriety of venue on the basis of circumstances as they now exist, as opposed to the state of affairs that obtained when the complaint was first filed.").  Accordingly, BLU does not reside in this District within the meaning of Section 1400(b).

### B.  *A regular and established place of business.*

Venue under the second prong of Section 1400(b) is not satisfied here either because BLU has no "regular and established place of business" in this district. The Federal Circuit has recently clarified that three conditions must be satisfied for a defendant to have a "regular and established place of business" in a judicial district: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant."  *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).  If any of these requirements is not satisfied, venue is improper under Section 1400(b).  *Id.*

A probing analysis is not necessary here; simply put, none of these requirements are met because BLU does not have any physical presence in Delaware whatsoever.  *See* Ohev-Zion Declaration at ¶¶ 7-10 (explaining that BLU's principal place of business is in Doral, Florida and that BLU has no stores, warehouses, offices, or employees in Delaware).  Accordingly, venue is improper in the District of Delaware and this case must be dismissed.

## II. In the alternative, the Court should exercise its discretion to transfer this lawsuit.

For the above-stated reasons, the Court should dismiss this case for improper venue. However, if the Court finds that venue is proper here, the Court should nonetheless exercise its discretion to transfer this lawsuit under 28 U.S.C. § 1404(a). In passing on a Section 1404(a) motion to transfer, the law of the regional circuit (the Third Circuit here) applies. *See In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A district judge must consider the convenience of parties and witnesses and the interest of justice in light of all the circumstances of the case. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The Third Circuit has provided a list of factors to assist district courts in determining whether, on balance, the litigation would be better served by a transfer to a different forum. *See id.* These factors entail six private and five public interests. Private interests include: (1) the plaintiff's forum preference; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the location of the books and records. *Id.* The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; and (5) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879-880. The movant has the burden of establishing that the transferee forum is clearly more convenient. *Id.* at 879.

Because BLU resides in the Southern District of Florida, there is no dispute that venue is

proper there and that the action could have originally been brought there. Thus, the focus turns to determining the convenience of the parties and witnesses and the interests of justice. BLU submits that the public factors enumerated above are either inapplicable (such as the fifth factor regarding state law) or neutral in that they do not appear to weigh in favor or against transfer. Accordingly, BLU focuses on the private factors that guide a district court's decision on transfer.

### A. Sisvel's choice of forum is entitled to little deference.

Typically a plaintiff's choice of forum is entitled to deference. However, less deference is given where the plaintiff has not chosen its home forum, *i.e.*, where the lawsuit involves a non-resident plaintiff. *See Linex Techs., Inc. v. Hewlett-Packard Co.*, No. CIV.A. 11-400-GMS, 2013 WL 105323, at *3 (D. Del. Jan. 7, 2013); *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) (discussing Third Circuit law and explaining that a plaintiff's choice of forum is entitled to less weight where the plaintiff chooses a forum which is neither his home nor the situs of the occurrence upon which the suit is based). Here, Sisvel does not reside in Delaware. Indeed, it appears to have no connection whatsoever to this forum. *See* Complaint at ¶ 2 (admitting that Sisvel is a Luxembourg entity with a registered place of business in Luxembourg). Accordingly, Sisvel as plaintiff is not entitled to the same degree of deference as it typically would be.

### B. BLU's choice of forum.

BLU prefers to litigate in the Southern District of Florida, the district in which it is incorporated and in which it has its principal place of business. This factor weighs in favor of transfer. *See, e.g.*, *Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 730 (D. Del. 2012) (proposed transferee district where defendant has its principal place of business weighs in favor of transfer).

### C. Whether claims arose elsewhere.

District Courts in Delaware have recognized that infringement claims have roots in the forum where the accused products were purportedly developed or marketed. *See Linex Techs., Inc. v. Hewlett-Packard Co.*, No. CIV.A. 11-400-GMS, 2013 WL 105323, at *4 (D. Del. Jan. 7, 2013); *Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 730 (D. Del. 2012); *Wacoh Co. v. Kionix Inc.*, 845 F. Supp. 2d 597, 602 (D. Del. 2012). Moreover, "[i]ntellectual property infringement suits often focus on the activities of the alleged infringer, its employees, and its documents; therefore, the location of the infringer's principal place of business is often the critical and controlling consideration." *Habitat Wallpaper & Blinds, Inc. v. K.T. Scott Ltd. P'ship*, 807 F. Supp. 470, 474 (N.D. Ill. 1992); *see also AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 530 (S.D.N.Y. 2004) (explaining that in infringement cases, "the bulk of evidence usually comes from the accused infringer," thus weighing in favor of a transfer to the district where the alleged infringer is located).

Here, Sisvel fails to demonstrate that the District of Delaware has any connection to BLU's purported acts of infringement or the purported damages it claims to have suffered. As already explained, neither Sisvel nor BLU are located in this state. These facts militate against hearing a dispute between two non-resident parties which did not occur in this judicial district and whose resolution will have little, if any, effect on local affairs. Accordingly, this factor weighs strongly in favor of a transfer.

### D. The convenience of the witnesses, the parties, and the location of the books and records favor a transfer.

The convenience of the witnesses and the parties as well as the location of the books and records favor a transfer. BLU is a citizen of Florida and would have to travel to Delaware to defend this lawsuit. Sisvel is a Luxembourg entity and will have to bear the expenses for travel

and lodging no matter where the case is litigated in the United States. Given that Plaintiff has no countervailing interest in prosecuting this lawsuit in this forum, this factor favors a transfer. Sisvel may argue that it is more convenient for it to prosecute this action in this District because some of its counsel is located here, but it is well-established that convenience of counsel is not a consideration in determining whether to transfer an action. *See Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973). On the other hand, all of BLU's witnesses as well as BLU's books and records are located in the Southern District of Florida. *See* Ohev-Zion Declaration at ¶ 10. Accordingly, these three related factors weigh in favor of transfer.

## CONCLUSION

BLU respectfully submits that the Court should dismiss this case under Federal Rule of Civil Procedure 12(b)(3) because the venue requirements of 28 U.S.C. § 1400(b) are not met. BLU neither resides in nor has any physical presence in the District of Delaware. In the alternative, should the Court conclude that venue is proper under Section 1400(b), BLU respectfully requests that the Court exercise its discretion and transfer this action to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). Weighing all the relevant factors, the balance of convenience strongly favors transfer to the Southern District of Florida.

Dated: July 17, 2019

OF COUNSEL:

Bernard L. Egozi (Florida Bar No. 152544)
begozi@egozilaw.com
EGOZI & BENNETT, P.A.
2999 NE 191 Street, Suite 407
Aventura, Florida 33180

Respectfully submitted,

*s/ Sean T. O'Kelly*
Sean T. O'Kelly (No. 4349)
O'Kelly Ernst & Joyce, LLC
901 N. Market St., Ste. 1000
Wilmington, DE 19801
(302) 778-4000
sokelly@oelegal.com

*Counsel for Defendant*